UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-cv-00359

ARTIS ANDERSON                                                                               PLAINTIFF

v.

KENTUCKY ONE HEALTH, INC., *et. al.*                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Dismiss for Lack of Subject Matter Jurisdiction brought by the United States of America, on behalf of its Agencies, the Department of Justice, the Internal Revenue Service and the Social Security Administration (collectively, "Defendants"). [DN 16.] The time has passed for Plaintiff Artis Anderson ("Plaintiff") to respond. This matter is ripe for adjudication. For the following reasons, Defendants' Motion is **GRANTED.**

### I. BACKGROUND

Defendants have filed the instant Motion seeking to have this Court dismiss Plaintiff's claim against the named federal defendants, the Department of Justice ("DOJ"), the Internal Revenue Service ("IRS"), and the Social Security Administration ("SSA"), arguing that this Court lacks subject matter jurisdiction over the claim Plaintiff has brought against them. Plaintiff initiated this suit in June of 2017, suing numerous defendants in addition to the above-named ones, arguing violations of various state and federal laws, as well as violations of his federal Constitutional rights. The factual background of this case has been laid out in more detail in this Court's Memorandum Opinion and Order denying Plaintiff's Motion for a Preliminary Injunction. [*See* DN 24.] One of Plaintiff's claims, and the one that is the subject of the instant

1

Motion, seeks a writ of mandamus compelling Defendants to institute criminal prosecutions for the alleged wrongs that have been committed against Plaintiff.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's claims against them pursuant to Federal Rule Civil Procedure 12(b)(1). As the Supreme Court has made clear, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…, which is not to be expanded by judicial decree…." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction…." *Id.* (internal citations omitted).

Federal Rule of Civil Procedure 12(b)(1) provides that a party to a lawsuit may file a motion asserting that the court lacks "subject matter jurisdiction" over the case. "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007), and "may be raised at any stage in the proceedings." *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Where the Motion makes a factual attack, the Court must "weigh the conflicting evidence to arrive at the factual predicate

that subject-matter does or does not exist." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

In this action, Plaintiff seeks a writ of mandamus to compel Defendants "to commence a criminal investigation into allegations of wrongdoing made in the…complaint." [DN 16, at 1.] Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States *or an agency thereof* to perform a duty owed to the plaintiff." (emphasis added). As the Supreme Court has instructed, "[t]he extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). It is clear, then, that "the remedy of mandamus is a drastic one," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980), which is "available only if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). It follows, then, that "[m]andamus is not an appropriate remedy if the action that the [plaintiff] seeks to compel is discretionary." *Id.* (citing *Heckler*, 466 U.S. at 616).

In the present case, the remedy Plaintiff seeks, and the government action he seeks to compel, is that of a criminal investigation into alleged wrongs that have befallen him. [DN 1, at 18; DN 6, at 8.] Indeed, in his first Complaint, Plaintiff expressly states in his prayer for relief that he seeks "[m]andamuses [sic] against the Defendants, DOJ, IRS, and SSA requiring them to investigate the allegations contained in this Complaint to determine if federal criminal statutes have been violated." [*Id.*] Plaintiff seeks relief this Court cannot give.

3

Again looking to the Supreme Court for guidance, the Court finds a definitive answer: "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). This discretion is important due "to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Id.* Indeed, "the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement…best fits the agency's overall policies, and…whether the agency has enough resources…." *Id.* Precedent makes clear that decision of the DOJ, IRS, and SSA whether prosecute, allocate resources to, or otherwise investigate the criminal statutes Plaintiff alleges have been violated is a matter left purely to the discretion of Defendants. As such, jurisdiction under the Mandamus Act does not exist. Because the Court has determined that it does not have jurisdiction over this claim, pursuant to Federal Rule of Civil Procedure 12(h)(3) it must dismiss Plaintiff's claim against the DOJ, the IRS, and the SSA.

## IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants DOJ, IRS, and SSA's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DN 16] is **GRANTED.** The Clerk is directed to remove the Department of Justice, the Internal Revenue Service, and the Social Security Administration as defendants in this case.

**IT IS SO ORDERED**

cc: Counsel of Record

    Artis Anderson, *pro se* Plaintiff
    20 Buckner St.
    Winchester, KY 40391