UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-cv-00359

ARTIS ANDERSON                                                                                   PLAINTIFF

v.

KENTUCKY ONE HEALTH, INC., *et. al.*                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon five motions. First, Defendant Kentucky Court of Justice ("Court of Justice") has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DN 9.] Plaintiff Artis Anderson ("Plaintiff") has responded, [DN 13], and the time has passed for the Court of Justice to file a reply. Second, Defendant Kentucky One Health, Inc. ("KOH") has filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [DN 7.] The time has passed for Plaintiff to file a response. Third, Plaintiff has filed a "RICO Motion." [DN 15.] Defendants KOH and the Court of Justice have responded, [DN 19, 20], and the time has passed for a reply. Fourth, Plaintiff has filed a Motion to Amend this RICO Motion. [DN 17.] Fifth, Plaintiff has filed a Motion for Summary Judgment against KOH. [DN 12.] KOH has responded, [DN 14], and the time has passed for a reply. For the following reasons the two motions of Defendants [DN 7, 9] are **GRANTED,** and Plaintiff's three motions [DN 12, 15, 17] are **DISMISSED AS MOOT.**

**I. The Court of Justice's Motion to Dismiss**

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), pleadings, including complaints, must contain a "short and plain statement of the claim showing that the pleader is entitled to

1

relief." As such, a complaint may be attacked for failure "to state a claim upon which relief can be granted" under Rule 12(b)(6). When examining a motion to dismiss under Rule 12(b)(6), the Court must presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "The court need not, however, accepted unwarranted factual inferences," *id.*, nor must it "accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto…and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Further, although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Rather, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Plausibility attaches "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, if the court cannot infer from the well-pleaded facts "more than the mere *possibility* of misconduct,

the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 679. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## B. Discussion

Plaintiff's prayer for relief against the Court of Justice in his first Complaint seeks entry of a declaratory judgment finding the Court of Justice to be an unconstitutionally functioning agency of the Commonwealth of Kentucky. [DN 1, at 18.] Plaintiff has since amended his Complaint, but incorporated the original one. [*See* DN 6.] The impetus of Plaintiff's claim against the Court of Justice is that specific judges in the state of Kentucky have rendered unfavorable rulings against him in an illegal and/or unconstitutional fashion.

He alleges in the section of his Complaint entitled "Statement of the Case" that "[s]everal state court actions have been filed by the Plaintiff seeking relief and all or most have been denied and the state judges making the decisions to deny relief have ignored controlling state statutes, state appellant [sic] court opinions, the Constitution of the United States, International treaties, and United States Supreme Court opinions…."[1] [DN 1, at 5.] And when Plaintiff arrives at the section aimed specifically at the Court of Justice, he goes on to describe in detail prior proceedings before Woodford County, Kentucky Circuit Judge Paul Isaacs and Woodford County District Court Judge Vanessa Dickson. [*Id.* at 7-8.] He alleges, among other things, that they rendered their judgments against him without properly considering relevant statutes and case law, and without sufficient evidence to rule the way that they did. He concludes by stating that "[f]ailing to follow the Constitution and Supreme Court's opinion[s] is a violation of a judge's oath of office," and that "state courts cannot rely upon state law or local rules of court to avoid protecting constitutional rights." [*Id.* at 8-9.]

---

[1] Notably, Plaintiff does not specify which statutes, court opinions, constitutional provisions, or treaties the unnamed state court judges failed to consider or follow in rendering their decisions.

Plaintiff's Amended Complaint largely mirrors the general thrust of the allegations in his original Complaint. Here, he alleges further that Judges Dickson and Jeff Moss, a Family Court judge, relied upon "false allegations of neglect and abuse" of Ms. Mary Ellen Reynolds ("Ms. Reynolds"),[2] thereby "depriv[ing] the Plaintiff of his Constitutional rights…." [DN 6, at 3.] He claims that "Judge Dickson violated at least five (5) Kentucky state statutes" in rendering her judgment that CHFS should be appointed as Ms. Reynolds' guardian, thus "violat[ing] the law," "los[ing] jurisdiction," and rendering "her judgments….VOID." [*Id.* at 4.] Plaintiff alleges that the appointment of CHFS as guardian amounts to Judge Dickson having stolen Ms. Reynolds' assets and given them to the state of Kentucky. [*Id.*] Further, Plaintiff alleges that Judge Moss "knowingly, intentionally, or neglectedly [sic] ignored controlling law" when he admitted certain testimony in court before annulling Plaintiff's marriage to Ms. Reynolds. [*Id.* at 9.] This, Plaintiff alleges, denied him his Constitutional right to be married. [*Id.*] Finally, Plaintiff argues that the disregard shown to both himself and to Ms. Reynolds and their marriage amounts to a lack of enforcement of the laws and "[t]he Kentucky Court of Justice is [therefore] an unconstitutionally functioning agency of the Commonwealth of Kentucky." [*Id.* at 9-10.]

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Thus, "[a] State may waive its sovereign immunity at its pleasure…and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State. *Id.* at 253-254 (internal citations omitted). Indeed, it is an established principle that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." And while "[t]here may be a question…whether a particular suit in fact is a suit against a State,"

---

[2] Plaintiff was formerly married to Ms. Reynolds, but that marriage was annulled by Judge Moss.

"[i]t is clear, of course, that in the absence of consent a suit in which the State *or one of its agencies* or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (emphasis added). Indeed, "[t]his jurisdictional bar applies regardless of the nature of the relief sought." *Id.* at 100-01 (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) (explaining that this bar applies with equal force to "suits in equity as well as at law.").

In Kentucky, "'[t]he doctrine of sovereign immunity sweeps broadly' to shield the Commonwealth and its agencies from suit, unless it is expressly waived by the Kentucky General Assembly." *Ludwig v. Kentucky Dep't of Military Affairs*, No. 13-174-GFVT, 2015 WL 351863, at *4 (E.D. Ky. Jan. 23, 2015) (quoting *Withers v. Univ. of Kentucky*, 939 S.W.2d 340 (Ky. 1997)). Moreover, waiver will only be found "where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Withers*, 939 S.W.2d at 346 (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Here, the Court of Justice "constitutes an arm of the state for Eleventh Amendment purposes." *Lowe v. Kentucky Court of Justice*, No. 2:14-168-KKC, 2015 WL 1526106, at *3 (E.D. Ky. Apr. 2, 2015) (internal quotation marks omitted). As such, it is "immune from suit [for] damages claims in federal court." *Id.* And even though Plaintiff has sought a declaratory judgment, "his allegations are based solely upon alleged past misconduct, and therefore fall outside the exception found in *Ex Parte Young*, 209 U.S. 123 (1908)." *Id.* (citing *Bailey v. Montgomery*, 433 F. Supp. 2d 806, 810-11 (E.D. Ky. 2006)). Thus, the Court will dismiss Plaintiff's claim against the Court of Justice for lack of subject matter jurisdiction.

### C. Conclusion

Due to the fact that the Court has determined it does not have subject matter jurisdiction over Plaintiff's claim against the Court of Justice, this claim must be dismissed.

## II. KOH's Motion to Dismiss

### A. Legal Standard

KOH has also filed a Motion to Dismiss Plaintiff's claims against it, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The 12(b)(6) standard is outlined above in Section I(A). Under 12(b)(1), a party may assert by motion the defense of "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). However, where the factual basis is challenged, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case…no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Finally, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Discussion

Plaintiff's prayer for relief against KOH asks the Court for "[c]ompensatory damages in the sum of…Fifteen Billion ($15,000,000,000) Dollars." [DN 28, at 9.] This figure stems from

what Plaintiff refers to as "the violations of the Plaintiff's constitutional rights by each of the named conspirators and other unknown conspirators and all of the Plaintiff's costs, filing fees, attorneys' fees, paper, ink, postage, etc., that he has spent combating the conspirators in various courts." [DN 1, at 18.]

In his original Complaint, incorporated by reference thereafter into his Amended Complaint, Plaintiff alleges that KOH is vicariously liable for the "illegal acts and deeds" of Dr. Thomas Quisenberry, a neurologist who Plaintiff appears to claim was acting as an employee, or at least an agent, of KOH at all relevant times. Plaintiff alleges that Dr. Quisenberry perjured himself in an affidavit while working at St. Joseph's Hospital in Lexington, Kentucky, where he was treating Ms. Reynolds. [DN 1, at 6.] This affidavit was used at the Woodford County, Kentucky District Court proceeding wherein guardianship over Ms. Reynolds was awarded to CHFS. Next, Plaintiff alleges that Dr. Thomas Coburn, an employee of KOH, who has been the primary care physician for Ms. Reynolds since March 2005, [DN 7-1, at 3], "provided a deposition regarding [Ms. Reynolds'] health while he was an unqualified witness. [DN 1, at 6.]

The deposition testimony to which Plaintiff refers was with respect to a hearing in March 2016 in Jessamine County, Kentucky Family Court, wherein Judge Moss determined the invalidity of Plaintiff's marriage to Ms. Reynolds. [DN 7-1, at 4.] There, Dr. Coburn testified that the urinary tract infection from which Ms. Reynolds suffered "w[as] a common cause of delirium in elderly women and could increase confusion." [*Id.*] KOH contends that Dr. Coburn expressed his concerns that Ms. Reynolds "was unable to make major life decisions on May 11, 2015 [the date of the marriage], or to understand the implications of those decisions due to her increasing dementia and the mental effects of her UTI." [*Id.* at 3-4.] The Jessamine County Family Court annulled the marriage.

7

Plaintiff claims that the above acts by Dr. Quisenberry and Dr. Coburn were illegal, and violated Plaintiff's Constitutional rights under 42 U.S.C. §§ 1983 and 1985, and that KOH is vicariously liable for their actions. Additionally, Plaintiff claims that KOH is liable for Medicare fraud.

### i. Plaintiff's § 1983 Claim

Pursuant to 42 U.S.C. § 1983, there is a prohibition on "actions [taken] 'under color of state law' which deprive an individual of a right secured by the U.S. Constitution or a federal statute." *Cherrington v. Skeeter*, 344 F.3d 631, 644 (6th Cir. 2003). Consequently, "before a defendant may be held liable under section 1983, that defendant must first *possess* power by virtue of state law, then *misuse* that power in a way that violates federal constitutional rights." *Id.* (internal quotation marks omitted).

Plaintiff's § 1983 claim against KOH cannot proceed, because he fails to plead sufficient allegations that KOH was or is associated with the government or government officials, or that KOH or its employees or agents were otherwise operating under color of state law. Thus, Plaintiff's § 1983 claim against KOH must be dismissed. *See Anderson v. Dickson*, No. 5:16-cv-71-KKC, 2016 WL 4015176, at *2-3 (E.D. Ky. Jul. 26, 2016) (dismissing § 1983 claims by this Plaintiff made against, among others, Dr. Coburn and Dr. Quisenberry under the same or substantially similar facts).

### ii. Plaintiff's § 1985 Claim

42 U.S.C. § 1985 has made three separate types of conspiracies unlawful. First, it is unlawful to conspire to prevent an "officer from performing [her] duties." 42 U.S.C. § 1985(1). Second, it is unlawful to conspire to obstruct justice, intimidate the party, witness, or juror in a lawsuit. 42 U.S.C. § 1985(2). Third, it is unlawful to conspire to deprive individuals "of the

equal protection of the laws….'" 42 U.S.C. § 1985(3). Additionally, under this third type of unlawful conspiracy, "[t]he plaintiff…must demonstrate that the conspiracy was motivated by a class based animus, such as race." *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 2439 (1997)). The Court finds that Plaintiff has not pled sufficient allegations to withstand KOH's Motion to Dismiss this claim.

Plaintiff invokes § 1985 in general terms, alleging that various individuals, such as Dr. Coburn, Dr. Quisenberry, judges, and an unnamed "case manager," conspired with KOH "to deprive the Plaintiff of his Constitutional rights…." [*See* DN 6.] Due to the fact that Plaintiff alleges that "this Court has jurisdiction under 42 USC § 1985 based on discrimination against the elderly based on age," [DN 1, at 15], this Court will presume that Plaintiff proceeds under § 1985(3). To succeed under this subsection,

> the plaintiff must demonstrate (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Ctr. For Bio-Ehtical Reform*, 477 F.3d 807, 832 (6th Cir. 2007). In viewing this four-part test, it is apparent that Plaintiff has failed to put forth such specific allegations with respect to an alleged conspiracy, its purpose, or how KOH was actually involved with the adverse actions he allegedly suffered. This is because "[c]onspiracy claims must be pled with some degree of specificity and…vague and conclusory allegations unsupported by materials facts will not be sufficient to state such a claim." *Id.* Moreover, case law shows that age is not a protected class under this statute. *See Platt v. Burroughs Corp.*, 424 F. Supp. 1329, 1340-41 (E.D. Pa. 1976) ("§ 1985(3) is limited to invidious class-based discrimination, and a group of persons over the age of 40 years

9

and under 65 is not a 'class' for purposes of that section"); *see also Abbott v. Moore Business Forms, Inc.*, 439 F. Supp. 643, 650 (D. N.H. 1977) ("alleged discrimination based on age…fails to come within the proscription of Section 1985."). Thus, Plaintiff has failed to allege class-based animus, as required by § 1985(3), and he fails to state a claim upon which relief can be granted. *See Anderson*, 2016 WL 4015176, at *2-3 (the same Plaintiff's § 1985 claim being dismissed on substantially similar facts.).

### iii. Plaintiff's Medicare Fraud Claim

Plaintiff also alleges that KOH engaged in Medicare fraud. It is unclear precisely which statutes Plaintiff alleges were violated by KOH, but Plaintiff does refer to 18 U.S.C. § 1347 in alleging that the paramedics who took Ms. Reynolds to the hospital "committed Medicare fraud by lying to [Ms. Reynolds] and the Plaintiff about [Ms. Reynolds'] medical condition…in violation of 18 USC § 1347." [DN 6, at 6.] This is the only time the Court can find a reference to a specific statute in conjunction with allegations of Medicare fraud. However, Plaintiff fails to state a claim upon which relief can be granted here as well.

As the Ninth Circuit has recognized, "there is no private right of action under 18 U.S.C. § 1347." *Jason v. Grp. Health Co-op Inc.*, F. App'x 630, 631 (9th Cir. 2013). Thus, to the extent Plaintiff attempts to proceed under this statute, his claim must be dismissed for lack of standing, as the Court does not have subject matter jurisdiction. Moreover, even if Plaintiff was proceeding under the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, he still does not have standing as a private citizen to enforce these provisions. *See Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007) ("No private cause of action exists under the federal health care fraud statute, 42 U.S.C. § 1320a-7b; only the federal government may bring lawsuits for the recovery of loss

caused by alleged Medicare fraud."). Because Plaintiff lacks standing to bring this claim, the Court lacks subject matter jurisdiction and must dismiss it.

### C. Conclusion

Plaintiff has failed to state a claim upon which relief can be granted with respect to his allegations against KOH arising under §§ 1983 and 1985. These claims are dismissed. Plaintiff lacks standing to bring an action for Medicare fraud, and the Court therefore lacks subject matter jurisdiction and it must dismiss this claim as well.

### III. Plaintiff's RICO Motions

Plaintiff has filed a motion with the Court styled "Motion to Find Defendants Kentucky One Health, Inc., and the Kentucky Court of Justice Criminal Enterprises Under the Recketeer [sic] Influenced and Corrupt Organizations Act (RICO) Statutes, and Other Individuals as Conspirators to Violate Rico Statutes." [DN 15.] However, because the Court has dismissed all of Plaintiff's claims against both KOH and the Court of Justice, Plaintiff's "RICO Motion" has been rendered moot. It is therefore dismissed as such. Additionally, Plaintiff has filed a Motion to Amend the aforementioned RICO Motion. [DN 17.] However, this Motion to Amend has been rendered moot as well. It is therefore dismissed as such.

### IV. Plaintiff's Motion for Summary Judgment Against KOH

Plaintiff has also filed a Motion for Summary Judgment against KOH. [DN 12.] However, due to the fact that the Court has dismissed all of Plaintiff's claims against KOH, this Motion for Summary Judgment has been rendered moot. Thus, Plaintiff's Motion for Summary Judgment against KOH is dismissed as such.

### V. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1) Kentucky One Health's Motion to Dismiss [DN 7] is **GRANTED.**

2) The Kentucky Court of Justice's Motion to Dismiss [DN 9] is **GRANTED.**

3) Plaintiff's RICO Motion [DN 15] is **DISMISSED AS MOOT.**

4) Plaintiff's Motion to Amend his RICO Motion [DN 17] is **DISMISSED AS MOOT.**

5) Plaintiff's Motion for Summary Judgment against Kentucky One Health [DN 12] is **DISMISSED AS MOOT.**

The Clerk is directed to remove Kentucky One Health, Inc. and the Kentucky Court of Justice as defendants in this case.

**IT IS SO ORDERED.**

cc:    Artis Anderson, *pro se* Plaintiff
       20 Buckner St.
       Winchester, KY 40391

cc:    Counsel of Record