UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-cv-00359

ARTIS ANDERSON                                                                    PLAINTIFF

v.

KENTUCKY ONE HEALTH, INC., *et. al.*                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon three motions by Plaintiff Artis Anderson ("Plaintiff"). First, Plaintiff has filed a motion styled "Motion to Vacate Orders and Reinstate Case and File Unfiled Amended Complaints." [DN 32.] Second, Plaintiff has filed a motion styled "Motion for Leave to File Unfiled Amended Complaints." [DN 33.] Third, Plaintiff has filed a Motion for Extension of Time to File Notice of Appeal. [DN 34.]

**I. Motion to Vacate Orders**

The first matter at issue is Plaintiff's motion at Docket No. 32, which is styled as a "Motion to Vacate Orders and Reinstate Case and File Unfiled Amended Complaints." As an initial matter, Plaintiff does not specifically identify which orders of this Court he wishes to have vacated or, more likely, reconsidered. Instead, he merely states at the beginning of this motion: "Comes now the Plaintiff and moves the Court to vacate its Orders dismissing, etc., the Plaintiff's Complaint, and Amended Complaints." [DN 32, at 1.] From this, it appears to the Court that the Plaintiff is referencing this Court's previous Order dismissing Plaintiff's claims against the Department of Justice ("DOJ"), the Internal Revenue Service ("IRS"), and the Social Security Administration ("SSA"), [DN 26], and another Order dismissing Plaintiff's claims

1

against the Kentucky Court of Justice and Kentucky One Health, Inc. ("KOH"). [DN 29.] For the purposes of comprehensiveness, the Court will address its rulings in both of these Orders.

First, with respect to this Court's Order dismissing all of Plaintiff's claims against the DOJ, the IRS, and the SSA, Plaintiff's motion will be denied. Plaintiff does not appear to make any substantive arguments regarding why this Court's previous decision should be reconsidered and/or changed on this issue, but the Certificate of Service on the instant motion includes the DOJ, IRS, and SSA. [*See* DN 32, at 7.] Thus, the Court will restate its previous rationale for dismissing Plaintiff's claims against these agencies. Plaintiff seeks relief this Court cannot provide to him with respect to his motion for a writ of mandamus compelling the DOJ, IRS, and SSA to initiate criminal investigations regarding various wrongs that have allegedly befallen him. As this Court stated in its Memorandum Opinion and Order dismissing Plaintiff's claims against these agencies, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's *absolute* discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (emphasis added). And because "[m]andamus is not an appropriate remedy if the action that the [plaintiff] seeks to compel is discretionary," *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011), this Court was required to dismiss those claims.

Next, with respect to this Court's Order dismissing all of Plaintiff's claims against the Kentucky Court of Justice and KOH, Plaintiff's motion will be denied. First, this Court declines to reconsider its previous decision to dismiss Plaintiff's claims against the Kentucky Court of Justice due to a lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Specifically, in Kentucky, "'[t]he doctrine of sovereign immunity sweeps broadly' to shield the Commonwealth and its agencies from suit, unless it is expressly waived by the

Kentucky General Assembly." *Ludwig v. Kentucky Dep't of Military Affairs*, No. 13-174-GFVT, 2015 WL 351863, at *4 (E.D. Ky. Jan. 23, 2015) (quoting *Withers v. Univ. of Kentucky*, 939 S.W.2d 340 (Ky. 1997)). The Kentucky Court of Justice, as this Court previously explained, "constitutes an arm of the state for Eleventh Amendment purposes." *Lowe v. Kentucky Court of Justice*, No. 2:14-168-KKC, 2015 WL 152606, at *3 (E.D. Ky. Apr. 2, 2015) (internal quotation marks omitted). Because of this, the Kentucky Court of Justice is "immune from suit [for] damages claims in federal court." *Id.* Moreover, Plaintiff has not presented any new reasons or evidence regarding exactly *how* the Court of Justice allegedly wronged him, but rather, he merely restates the allegations contained in his previous filings with the Court. As such, this Court declines to reconsider its previous ruling.

Regarding KOH, the Court declines to reconsider its decision to dismiss Plaintiff's claims against it. As with the Kentucky Court of Justice, Plaintiff brings forth no new evidence or new arguments or reasons why this Court's decision should be reconsidered and/or vacated and, as such, the Court declines to do so. Plaintiff's first claim against KOH was under 42 U.S.C. § 1983. This claim was dismissed on the basis that Plaintiff failed to plead sufficient allegations that KOH is, or was at any time, associated with the government or government officials, or that it operated under color of state law at any time. The Court declines to reconsider this decision. Plaintiff's second claim was brought under 42 U.S.C. § 1985 for conspiracy. Again, Plaintiff's pleadings were inadequate, as he failed to set forth any specific facts relating to how KOH was involved in a conspiracy, or that a conspiracy existed at all. Additionally, his basis for bringing the § 1985 claim was "age" as a protected class. However, as the Court noted, age is not a recognized basis for invidious class-based discrimination, as required by § 1985. Thus, this claim will not be reconsidered. Finally, Plaintiff raised a Medicare fraud claim against KOH. But as the

Ninth Circuit has explained, "there is no private right of action under 18 U.S.C. § 1347." *Jason v. Grp. Health Co-op Inc.*, 530 F. App'x 630, 631 (9th Cir. 2013). Plaintiff lacked standing to bring an action for Medicare fraud, and the Court will not reconsider its decision to dismiss this claim, or any of Plaintiff's claims laid out above.

In sum, Plaintiff's instant motion does not set forth any new evidence or grounds for relief, nor does he make credible points regarding any clear errors in the Court's previous judgments regarding the dismissal of all claims against the DOJ, the IRS, the SSA, the Kentucky Court of Justice, or KOH. As such, this motion must be denied in its entirety.

## II. Motion for Leave to File Unfiled Amended Complaints

The next motion at issue is Plaintiff's Motion for Leave to Filed Unfiled Amended Complaints. [DN 33.] This Court already granted Plaintiff's previous motion to file his Second Amended Complaint. [DN 27.] This Second Amended Complaint was filed on the docket on October 16, 2017. [DN 28.] Plaintiff also attempted to file a third amended complaint in September 2017. However, he did not move to have it filed, but instead, merely tried to file it with the Clerk of Court as a matter of course. This filing was stricken from the record. [*See* DN 25, 27.] Thus, Plaintiff's instant motion for leave to file any unfiled amended complaints is construed by the Court as referencing this previously-stricken filing, as well as any additional amended pleading he may possess. The Court will deny this motion.

Under Federal Rule of Civil Procedure 15(a)(1)(A)-(B), "[a] party may amend its pleading once as a matter of course within: 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where, as here, that time has passed, "a party may amend its pleading only with the opposing

4

party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While courts construe Rule 15(a)(2) liberally, *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003), courts may deny leave to amend for several reasons, including "undue delay, bad faith, [or] undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001). And although courts "must give a party a fair chance to present claims and defenses, we must also protect a busy district court [from being] imposed upon by the presentation of theories seriatim." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981).

Plaintiff filed his Complaint in June, his First Amended Complaint two weeks later, and then waited three months before moving to amend his Complaint a second time. [*See* DN 21.] He then attempted to file *another* amended complaint with the Court two weeks later as a matter of course. [*See* DN 25.] Now, roughly six weeks later, and after the bulk of his claims have been dismissed, Plaintiff wishes to reopen the process, and asks this Court to allow him to continue filing amended complaints. The Court declines this invitation. The overwhelming majority of the facts giving rise to Plaintiff's previous filings occurred from 2014 to 2016, and so Plaintiff has had ample time to collect information and facts and file them with the Court in the form of pleadings. In his instant motion he provides no explanation or reasoning regarding his delay or why any unfiled claims were not previously included in his original or amended complaints. Instead, the entirety of the filing merely states: "Comes now the Plaintiff, Artis Anderson, *pro se*, and moves the Court for leave to file any unfiled Amended Complaints." [DN 33.] There is no support for why he should be able to do so, nor does he mention specifically exactly which filings he is referring to, nor does he attach any proposed amended complaints to the motion. The Court finds that under these facts, and given the lack of justification, this period amounts to

undue delay, as well as the placement of an undue burden on any potential defendants Plaintiff seeks to file against. As such, Plaintiff's motion will be denied.

### III. Motion for Extension of Time

Finally, Plaintiff has filed a Motion for Extension of Time to File a Notice of Appeal regarding this Court's dismissal of many of his claims. [DN 34.] His Motion for an Extension appears to be based largely upon his filing of the two motions analyzed in this Opinion, above. For good cause shown, this motion will be granted. **Plaintiff shall have thirty days from the entry of this Order to file a notice of appeal**, should he choose to do so.

### IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Vacate Orders and Reinstate Case and File Unfiled Amended Complaints [DN 32] is **DENIED.**

2. Plaintiff's Motion for Leave to File Unfiled Amended Complaints [DN 33] is **DENIED.**

3. Plaintiff's Motion for Extension of Time to File Notice of Appeal [DN 34] is **GRANTED.** Plaintiff shall have **thirty (30) days from the entry of this Order to file his notice of appeal.**

**IT IS SO ORDERED.**

cc: Artis Anderson
  Pro se plaintiff

cc: Counsel of Record